UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Deon D. Jenkins**, #286150, | ) C/A No. 0:05-744-26BD |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| South Carolina Department of Corrections; | ) (for partial summary dismissal) |
| Allendale Correctional Institution; | ) |
| George Hagan, Warden; | ) |
| John Pate, Associate Warden; | ) |
| LeVern Cohen, Acting Associate Warden; | ) |
| Helen Freeman, Mailroom Clerk; | ) |
| Debra Hutchinson, Mailroom Clerk; | ) |
| Ken Long, Grievance Coordinator, in their official and individual capacity, | ) |
| Defendants. | ) |

## **INTRODUCTION**

This is a civil rights action filed by a state prison inmate *pro se.* Plaintiff is currently an inmate at the Kershaw Correctional Institution. In his Complaint and Motion for Preliminary Injunction, Plaintiff contends that he has been subjected to unconstitutional denial of access to the courts, mail tampering, and retaliatory mistreatment by several employees and/or officials at the Allendale Correctional Institution, where Plaintiff was previously housed. He seeks compensatory damages and several forms of injunctive relief for alleged constitutional violations.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Complaint filed in this case is still subject to partial summary dismissal as to two Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).[1] The requirement of liberal construction

---

[1] Under § 1915(e)(2)(B)(I), a claim asserted by a *pro se* plaintiff proceeding *in forma pauperis* may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, inter alia, the Defendants are immune from suit, id . at 327, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir.1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also

2

does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

## DISCUSSION

First, the Defendant South Carolina Department of Corrections (SCDC) is immune from suit under 42 U.S.C. § 1983 because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *See* Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 627 (1999);  Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Alabama v. Pugh, 438 U.S. 781, 782 & nn. 1-2 (1978);  Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Bellamy v. Borders, 727 F. Supp. 247, 248-50 & nn. 2-3 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrections, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also* Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).  *Cf*. Suarez Corp. Indus. v. McGraw, 125 F.3d 222 (4th Cir. 1997).

---

the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U .S. at 327.

3

Under Pennhurst, 465 U.S. at 99 & n. 9, a state must expressly consent to suit in a federal district court. Here, as part of the enactment of the South Carolina Tort Claims Act, the State General Assembly expressly provided that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See* S.C. Code Ann. § 15-78-20(e); *see also* McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f*. Pennhurst, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").  Because the SCDC is a state agency and integral part of the state of South Carolina, it may not be sued in this Court by Plaintiff.  Accordingly, the SCDC is entitled to summary  dismissal from this case.

Furthermore, the Defendant Allendale Correctional Institution should also be dismissed as a party Defendant in this case.  In order to state a claim for damages under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law." *See* 42

---

[2]Plaintiff's Complaint is before this Court pursuant to 42 U.S.C. § 1983.  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

4

U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." Inanimate objects, such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Allendale Correctional Institution is not a person, it is an inanimate object in the form of a facility or group of buildings. As a result, the Allendale Correctional Institution is not a proper defendant in this § 1983 action, and should be dismissed.

**Recommendation**

Based on the foregoing, it is recommended that the Defendants SCDC and Allendale Correctional Institution be **dismissed** as party Defendants in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to

determine whether they are subject to summary dismissal).  The Complaint and Motion for Preliminary Injunction should be served on the remaining Defendants.  Plaintiff's attention is directed to the important notice on the next page.

                                                     Respectfully submitted,

March 21, 2005                                s/ BRISTOW MARCHANT
(Date)                                              Bristow Marchant
Columbia, South Carolina              United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201