UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Deon D. Jenkins**, # 286150, | ) | C/A No. 0:05-0744-HFF-BM |
| Plaintiff, | ) | |
| vs. | ) | |
| **South Carolina Department of Corrections**; **Allendale Correctional Institution**; **George Hagan**, Warden; **John Pate**, Associate Warden; **Levern Cohen**, Acting Associate Warden; Helen Freeman, Mailroom Clerk; **Debra Hutchinson**, Mailroom Clerk; **Ken Long,** Grievance Coordinator; **Captain NFN Miller**; **Sergeant NFN Marshall**; **John Ozmint**, Director SCDC; **Officer NFN** Jenkins; **Officer NFN Sapp**, one unidentified officer; **Major Bernard Walker,** | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights with respect to restrictions on mailroom privileges, what he can have photocopied, and other prison policies.[1]

---

[1]These complaints arise out of Plaintiff's period of incarceration when he was at the Allendale Correctional Institution. Plaintiff has another lawsuit pending, C/A No. 0:05-888, in which he makes almost identical complaints arising from his time spent incarcerated at the Kershaw Correctional Institution. Plaintiff has now been transferred from Kershaw to the Ridgeland Correctional Institution, and has now filed a motion to amend his Complaint in C/A No. 0:05-888, seeking to add similar claims regarding Ridgeland. Aloe Creme Laboratories, Inc. V. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own records.]; see also St. Louis Baptist Temple, Inc. V. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) [federal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at
(continued...)



1

Since the filing of this action, Plaintiff has filed motions (Document Nos. 3 and 4), seeking a preliminary injunction and/or temporary restraining order prohibiting the Defendants from enforcing their policies with respect to photocopies and posting of mail. Plaintiff's motions should be **denied,** as he has failed to present facts sufficient to warrant such relief.[2]

In order to prevail on a motion for a temporary restraining order or preliminary injunction, Plaintiff must show: 1) that he will suffer irreparable harm if the motion is not granted; and 2) that he has a reasonable likelihood of success on the merits of his claim. Rule 65(a) and (b), Fed.R.Civ.P. Both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both probable success and irreparable injury. Murphy v. Society of Real Estate Appraisers, 388 F.Supp. 1046, 1049 (E.D.Wis. 1979); see also White v. Illinois Cent. R.Co., 349 U.S. 366 (1955).

In considering such a motion, the Court should balance the following four factors; 1) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 2) the likelihood of harm to the Defendants if the injunction is granted; 3) the likelihood that the Plaintiff will succeed on the merits; and 4) the public interest. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc., 550 F.2d 189, 195-196 (4th Cir. 1977); Hughes Network Systems v. InterDigital Com. Corp., 17 F.3d 691, 693 (4th Cir. 1994). The balancing of the relative hardships (factors one and two) is the most important determination, and how strong a showing the Plaintiff must make with regard to a likelihood of success on the merits depends on to what degree the

---

[1](...continued)
issue].

[2] A report and recommendation is required on these motions pursuant to 28 U.S.C. §636(b)(1)(A).



2

likelihood of irreparable harm balances in his favor. Id. (citing Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991)).

Based on the material before the Court, Plaintiff has failed to show a sufficient likelihood that he will succeed on the merits of his claims to entitle him to the extraordinary remedy he seeks, nor has he met this standard in showing a likelihood of irreparable harm because of the actions of the Defendants. Plaintiff's argument that the Defendants' actions are denying him adequate access to the courts is belied by the very volume of filings Plaintiff has submitted in his pending cases, while his likelihood of success on the merits on the issues cited in his motions is further undermined by numerous court rulings holding that prison officials are not required to, in effect, underwrite a pro se prisoner's civil lawsuits. See generally, In re Sawyer, 76 F.3d 375 (4th Cir. 1996); Zulu X v. Moore, C/A No. 6:95-1198-3AK (D.S.C. January 31, 1996); Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) [there is no constitutional right to free photocopies]; Young v. Larkin, 871 F.Supp. 772, 782 n. 19 (M.D.Penn. 1994) [there is no constitutional right to free photocopies]; Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980); Dugar v. Coughlin, 613 F.Supp. 849, 853 (S.D.N.Y. 1985) [indigent litigants are not entitled to free photocopies or unlimited free postage (prisoner case)]; Carroll v. North Carolina Dep't of Corrections, 91-7562, 1991 WL 158146 (4th Cir. 1991) [pro se prisoners may handwrite legal papers to submit for submission to the court]. See also Badman v. Stark, 139 F.R.D. 601, 604 (M.D.Pa. 1991) [inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived].See also Defendants' Exhibit A (Dunlap Affidavit). Furthermore, whatever the merits of Plaintiff's claims, since Plaintiff is no longer incarcerated at the Allendale Correctional Institution, there is no basis on which this Court could find that he will suffer



3

irreparable harm if his motions are not granted.

Therefore, as the Plaintiff has failed to meet the standard for issuance of a preliminary injunction or temporary restraining order, it is recommended that his motions be **denied.**[3]

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

July 28, 2005

---

[3]Notwithstanding the recommendation set forth herein, the undersigned is aware through the handling of previous prisoner cases that the South Carolina Department of Corrections does maintain rules with regard to providing pens, papers and other such items to prison inmates. Defendants are, of course, required to provide Plaintiff with whatever materials he is entitled to receive as an inmate pursuant to SCDC policy. Defendants are further cautioned that an inmate may be able to state a claim for denial of access to the courts where the absence of some type of aid prejudices his ability to make a meaningful presentation of his claim. See Gill v. Pact Organization, No. 95-4510, 1997 WL 539948 at *5 (S.D.N.Y. 1997) (citing Lewis v. Cayce, 116 S.Ct. 2174, 2180 (1996)); Bounds v. Smith, 430 U.S. 817 (1977).

4

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

5

