

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DEON D. JENKINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:05-0744-HFF-BM |
| § | |
| SOUTH CAROLINA DEPARTMENT OF § | |
| CORRECTIONS; ALLENDALE § | |
| CORRECTIONAL INSTITUTION; § | |
| GEORGE HAGAN, Warden; § | |
| JOHN PATE, Associate Warden; § | |
| LEVERN COHEN, Acting Associate § | |
| Warden; HELEN FREEMAN, Mailroom § | |
| Clerk; DEBRA HUTCHINSON, Mailroom § | |
| Clerk; KEN LONG, Grievance Coordinator, § | |
| in their official and individual capacity, § | |
| § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING CERTAIN PARTIES FROM THE ACTION

This is a civil rights action filed by a state prison inmate. Plaintiff is proceeding *pro se.* The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he suggests that the Court dismiss Defendants South Carolina Department of Corrections (ACDC) and Allendale Correctional Institution (ACI) as party Defendants in this case *without prejudice* and without issuance and service of process. Further, the Magistrate Judge recommends that the Complaint and Motion for Preliminary Injunction should be served on the remaining Defendants. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his report on March 23, 2005. Plaintiff failed to file any objections to the report. In the absence of such objections, the Court is not required to give any explanation for adopting the report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985).

After a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court adopts the report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants SCDC and ACI must be **DISMISSED** as party Defendants in this case *without prejudice* and without issuance and service of process and that the Complaint and Motion for Preliminary Injunction should be served on the remaining Defendants.

**IT IS SO ORDERED**.

Signed this 29th day of July, 2005, in Spartanburg, South Carolina.

                                             s/ Henry F. Floyd
                                             HENRY F. FLOYD
                                             UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.