

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DEON D. JENKINS,<br>　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>CORRECTIONS *et al.*,<br>　　　　Defendants. | §<br>§<br>§<br>§　CIVIL ACTION NO. 0:05-0744-HFF-BM<br>§<br>§<br>§<br>§ |

# ORDER

Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. 1983. The matter is before the Court for review of the Report and Recommendation (Report) from the Magistrate Judge suggesting that 1) Defendants' Motion for Summary Judgment with respect to Plaintiff's denial of access to the courts claim be denied; 2) Defendants' Motion for Summary Judgment concerning the remainder of Plaintiff's claims be granted, and that those claims be dismissed; and 3) Defendants Miller, Marshall, Jenkins, Sapp and Walker be dismissed as party Defendants. The Report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 16, 2006. Defendants filed objections to the Report on May 26, 2006, arguing that their Motion for Summary Judgment should also be granted with respect to Plaintiff's denial of access to the courts claim, as well. Plaintiff, however, failed to file any objections to the Report, even after the Court granted to him a very generous extension of time. In the absence of objections, the Court is not required to give any explanation for adopting those portions of the Report to which no objection is filed. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review on those issues. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Defendants object that "[t]he dismissal of the Administrative Appeal upon which the [M]agistrate relies was not entered until September 2005 and the incident in question did not occur until June or July 2005." (Defs.' Obj. 2.) Defendants misread the record.[1] The incident in question was reported in June 2004, not 2005. (Pl's Obj. to Defs' Mot. Sum. Jdgt., Exh. A.) Nevertheless, since the Administrative Appeal was not dismissed until September 8, 2005, after the instant action was filed, the Court will not consider the Administrative Appeal dismissal in deciding whether Defendants' Motion for Summary Judgment is proper.[2] (Pl's Obj. to Defs' Mot. Sum. Jdgt., Exh. B.)

---

[1]Defendants also state that the Complaint is dated December 2004. (Defs.' Obj. 2.) A review of that document, however, demonstrates that the Complaint is dated January 25, 2005. (Complaint 5.)

[2]Plaintiff may wish to file another action if he wishes to pursue a claim concerning the Administrative Appeal dismissal since the Court has not considered that claim in this action.

Defendants also object to the Magistrate Judge's recommendation that Plaintiff can survive summary judgment based on "the dismissal of at least one legal action he had pending in [Family Court.]"[3] (Report 9.) The Court is persuaded by Defendants' argument.

According to Plaintiff,

> I had a Family Court matter, pending in the Lancaster County Family Court, and the Court of Appeals dismissed for failure to timely reply, and again for failure to comply with the Rules of Civil Proc. in that I was not able to provide sufficient copies to all parties in the action.

(Pl's Comp. 4.) As to the Family Court matter being dismissed for failure to timely reply, Plaintiff is unable to demonstrate any injury since that action appears to have been reinstated. *Id*. ("I had a Family Court matter . . . dismissed for failure to timely reply, and *again* for failure to comply with the Rules of Civil Proc.") (emphasis added).[4] Moreover, regarding Plaintiff's contention that the Family Court matter was dismissed for a second time because of Plaintiff's "failure to comply with the Rules of Civil Proc. in that [he] was not able to provide sufficient copies to all parties in the action," this claim must also fail. As observed by the Magistrate Judge:

> With respect to Plaintiff's claim for denial of access to the Courts, Defendants are correct in arguing that, to the extent Plaintiff is

---

[3]Line two of page nine of the Report contains a scrivener's error. The reference to "the South Carolina Court of Common Pleas" should be "Family Court," instead.

[4]*See also* Report 8 ("Plaintiff specifically alleges in his verified Complaint that the Defendants' actions resulted in the dismissal of a [F]amily [C]ourt action (*which he was apparently later able to have reinstated*.") (emphasis added). Since Plaintiff did not object to this finding, the Court must assume that the Plaintiff agrees with the Magistrate Judge's statement in this regard.
   Although Plaintiff also argues that Civil Action 0:04-1046-26-BD was dismissed because of Defendants Freeman and Hutchinson's interference with his legal correspondence, (Pl's Obj. to Defs' Mot. Sum. Jdgt. 4), a review of the Court's records demonstrates that the Court considered Plaintiff's objections in that case, even though they were untimely filed. Therefore, Plaintiff is also unable to establish any injury as to this claim.

3

>complaining in general about having to hand copy his documents, such a requirement is not a violation of his constitutional rights. *See generally*, *Hendrix v. Galloway*, No. 03-740, 2004 WL 3090229 (D.S.C. 2004); *In re Sawyer*, 76 F.3d 375 (4th Cir. 1996); *Zulu X v. Moore*, C/A No. 6:95-1198-3AK (D.S.C. January 31, 1996); *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991) (there is no constitutional right to free photocopies); *Young v. Larkin*, 871 F.Supp. 772, 782 n.19 (M.D.Penn. 1994) (there is no constitutional right to free photocopies); *Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980); *Dugar v. Coughlin*, 613 F.Supp. 849, 853 (S.D.N.Y. 1985) (indigent litigants are not entitled to free photocopies or unlimited free postage (prisoner case)); *Carroll v. North Carolina Dep't of Corrections*, 91-7562, 1991 WL 158146 (4th Cir. 1991) (pro se prisoners may handwrite legal papers to submit for submission to the court).

(Report 6-7.)

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report and incorporates it herein, *to the extent that it does not contradict this Order*. Therefore, it is the judgment of this Court that Defendants' Motion for Summary Judgment must be **GRANTED** as to all of the claims considered in this action.

**IT IS SO ORDERED**.

Signed this 28th day of August, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.